**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.                                                                          Case No.  3:23-cv-449-MMH-PDB

JOHN DOE SUBSCRIBER
ASSIGNED IP ADDRESS
73.171.135.55,

    Defendant.

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Complaint Against Defendant John Doe, Subscriber Assigned IP Address 73.171.135.55, an Individual, Quash Subpoena Against Same, and in the Event the Court Denies Defendant's Motions to Dismiss Complaint/Quash Subpoena, the Court Grant Pseudonymous Protection and Permit Defendant to File Under Seal, and Incorporated Memorandum of Law (Doc. 11; Motion) filed on June 22, 2023.  Upon review of the Motion, the Court notes that Defendant fails to include the certification required pursuant to Local Rule 3.01(g), regarding the duty to confer.  Local Rule 3.01(g) requires that motions include a certificate, (1) confirming that the movant has conferred with opposing counsel, (2) indicating

whether the parties agree on the resolution of the motion, and (3) if the motion is opposed, explaining the means by which the conference occurred. See Local Rule 3.01(g). In addition, the Motion does not comply with the typography requirements set forth in Local Rule 1.08(a)–(b). Most notably, the Motion is single-spaced, lacks page numbers, and uses an improper font size. While pro se filings are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). As such, the Court concludes that the Motion is due to be stricken for failure to comply with the Local Rules.

The Court also notes that Defendant's Motion combines several requests for distinct forms of relief, all of which Defendant supports with one generalized memorandum. The Court finds this combination unwieldy and as such, if Defendant intends to reassert these requests for relief, Defendant must do so via separate motions. Each motion must comply with the conferral requirement of Local Rule 3.01(g) and the typography requirements of Local Rule 1.08. Defendant must also include a supporting legal memorandum with each motion specific to the relief requested. See Local Rule 3.01(a).

Finally, the Court notes that Defendant filed the Motion without providing any contact information. As such, the Court has no means by which

to notify Defendant of this Order. The Court can only assume Defendant plans to monitor the docket for the Court's rulings. However, in any future filings, Defendant must include a means by which the Court can send its orders to Defendant. Accordingly, it is

**ORDERED:**

1. Defendant's Motion to Dismiss Complaint Against Defendant John Doe, Subscriber Assigned IP Address 73.171.135.55, an Individual, Quash Subpoena Against Same, and in the Event the Court Denies Defendant's Motions to Dismiss Complaint/Quash Subpoena, the Court Grant Pseudonymous Protection and Permit Defendant to File Under Seal, and Incorporated Memorandum of Law (Doc. 11) is **STRICKEN**.

2. If Defendant intends to pursue this relief, Defendant must do so via separate motions which comply with the Local Rules of this Court and include Defendant's contact information.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of June, 2023.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record